PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEELAN HARRIS, | ) | |
| | ) | CASE NO. 4:16cv270 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Keelan Harris, a federal prisoner in the custody of the Bureau of Prisons at FCI Elkton in Lisbon, Ohio, has filed this civil rights action against the United States and fifteen federal and state employees and officials, alleging his constitutional rights are being violated because he has been unable to obtain a license to marry his fiancee. The federal officers and employees that Plaintiff names as defendants are: United States Attorney General Loretta Lynch; BOP Director Charles Samuel, Jr., BOP Administrative Remedy Coordinator Harrell Watts; BOP Regional Director J.L. Norwood; FCI Elkton Warden R. Hansen; Associate Warden Bill Story; Captain Steven Grimm; Chaplain Glen Johnson; and Unit Team Manager Marilou Burns. The state officers and employees sued are: Governor John Kasich; Attorney General Mike DeWine; Columbiana County Probate Judges Anthony J. Dattillio and Thomas M. Baronzzi; Trumbull County Probate Judge James A. Fredericka; and Trumbull County Probate Staff Attorney Emily Clark. For the reasons that follow, the Court partially dismisses his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

(4:16cv270)

## Background

Plaintiff alleges he wishes to marry his fiancee, Marcela Bedoya, and initiated the procedure at FCI Elkton to marry in February 2015. ECF No. 1 at PageID #: 3. After he submitted a letter from his fiancee indicating her intent to marry him as he was instructed to do by Marilou Burns, Ms. Burns informed Plaintiff that he could not be married because the local clerk of courts would not send an employee to the prison to issue a license, and there was no other way to obtain an Ohio marriage license. Id. Pursuant to Ohio R.C. § 3101.05, parties seeking a marriage license must appear personally in the probate court in the county in Ohio where either party resides or where their marriage is expected to be solemnized.

Plaintiff sought relief through the prison's grievance process. He filed a BP-8 Informal Resolution form requesting (1) a furlough to the Columbiana County Probate Court to obtain a marriage license; (2) an escorted trip to the court to obtain a license, and (3) a transfer to another BOP facility that provides matrimonial services. Id. Ms. Burns denied his request, stating that currently there are no procedures for an inmate to be married "due to security concerns." ECF No. 1-1 at PageID #: 30. Plaintiff then filed a Request for an Administrative Remedy with the Warden. Warden Hanson also denied his request, stating that because Plaintiff was classified as "IN custody," he was not eligible for a furlough. In addition, the Warden stated that Columbiana County requires both parties seeking a marriage license to be present and that an escorted trip to the probate court would not be approved for Plaintiff "due to security concerns." ECF No. 1-1 at PageID #: 32. Plaintiff alleges that the BOP's Regional Director, J.L. Norwood, and its Administrative Remedy Coordinator, Harrell Watts, both denied subsequent appeals.

(4:16cv270)

Plaintiff contends that Assistant Warden Bill Story, Chaplain Glen Johnson, and Captain Steve Grim failed to assist him in obtaining a marriage license by refusing to implement alternative suggestions he made that would enable him to be married. ECF No. 1 at PageID #: 5. Assistant Warden Story denied these requests in addition to Plaintiff's request to be escorted to the probate court. Id.

Plaintiff alleges that he sought relief from Ohio's personal appearance requirement from Ohio officials. Plaintiff wrote letters requesting a waiver of the requirement to Columbiana County Probate Judge Anthony J. Dattillio and Trumbull County Probate Court Judge James A. Fredericka. Id. In addition, he wrote letters to Ohio Attorney General Mike DeWine and Governor John Kasich complaining about the requirement as applied to incarcerated inmates and seeking assistance in being married. Id. Plaintiff alleges that all refused to assist him, either by denying his requests or failing to respond to them. In addition, Plaintiff alleges that he received a letter from Trumbull County Probate Staff Attorney Emily Clark Weston dening his request for a waiver, and a letter from Columbiana County Probate Judge Thomas M. Baronzzi denying his subsequent requests for alternatives to an in-person appearance. ECF No. 1 at PageID #: 6.

Plaintiff seeks declaratory, injunctive, and monetary relief against the federal defendants under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and the state defendants under 42 U.S.C. § 1983. He contends that the federal defendants have violated his constitutional rights by refusing to assist him in obtaining a marriage license in Ohio, including by refusing to provide him an escorted trip to the county probate court. He alleges the state defendants have violated his constitutional rights by refusing to allow a marriage license to be issued to him under any

3

(4:16cv270)

condition other than the in-person requirement set forth in R.C. § 3101.05, which he contends is unconstitutional as applied to incarcerated applicants.

## Standard of Review

Because Plaintiff is proceeding *in forma pauperis* and is suing a governmental entity and its officers and employees, the Court must review his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Those statutes require the Court to dismiss the complaint, or any portion of it, that the Court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

*Pro s*e pleadings are to be liberally construed.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1973).  In order to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The factual allegations in the pleading "must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## Analysis

Upon review, the Court finds that Plaintiff's action may proceed against all of the defendants except the United States, United States Attorney General Loretta Lynch, and Charles

(4:16cv270)

Samuel, Jr.

Plaintiff may have at least plausible *Bivens* claims against all of the federal BOP employees and officials that he alleges refused to assist him in exercising his constitutional right to marry, which at this juncture includes all of the federal defendants he names in the case except the United States, Attorney General Lynch, and Charles Samuel, Jr. In *Toms v. Taft*, 338 F.3d 519, 527 (6th Cir. 2003), the Sixth Circuit held that "where an inmate will be unable to marry without prison officials' affirmative assistance," the inmate's constitutional right to marry may be restricted "only where the officials' refusal to assist the inmate is reasonably related to legitimate penological interests." Thus, the prison officials alleged by Plaintiff to have refused to assist him in exercising his constitutional right to marry must show that their refusal to assist him was "reasonably related to legitimate penological interests."

Plaintiff's complaint must be dismissed as against the United States, Attorney General Lynch, and Samuel under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff's allegations do not reasonably suggest that the Attorney General or Samuel refused to assist him in exercising his constitutional right to marry, or were involved in any way in the alleged decisions of other BOP officials. Liability cannot be imposed under *Bivens* on the basis of respondeat superior alone. *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Additionally, the United States cannot be sued and is not a proper defendant in a *Bivens* action. *Bivens* actions may only be brought against individual federal officials alleged to have violated a plaintiff's constitutional rights. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

The Court will allow Plaintiff's § 1983 action to proceed against the state defendants at

5

(4:16cv270)

this juncture. Plaintiff contends the personal appearance requirement in R.C. § 3101.05 is unconstitutional as applied to incarcerated inmates and seeks injunctive relief requiring state officials to allow him to apply for a marriage licence without a personal appearance. At least one federal court has held that a similar marriage license requirement in another state is unconstitutional as applied to incarcerated applicants. See *Fuller v. Norman*, 936 F. Supp. 2d 1096 (W.D. Mo. 2013).

## **Conclusion**

For the reasons stated above, Plaintiff's complaint is dismissed as against the United States, United States Attorney General Loretta Lynch, and BOP Director Charles Samuel, Jr., pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

This action may proceed as against all of the remaining defendants. Accordingly, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on the remaining defendants, and **a copy of this order shall be included with the documents to be served**.

IT IS SO ORDERED.

| | |
|---|---|
| July 11, 2016 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |